298 S.E.2d 257

**STATE ex rel. Lacy WRIGHT, Jr., State Senator, etc.**

v.

**W. Joseph McCOY, Commissioner, etc.**

**No. 15626.**

Supreme Court of Appeals of West Virginia.

Dec. 2, 1982.

McGraw, J., dissents.

John A. Homburg and John A. Rogers, Legislative Services, Charleston, for relator.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for respondent.

HARSHBARGER, Justice:

Lacy Wright, Jr., a state senator, petitioned this Court for a writ of mandamus to compel the Commissioner of the Department of Corrections to reopen Leckie Center, a juvenile facility located within his senatorial district.

He relies on *DeVault v. Nicholson*, 170 W.Va. 719, 296 S.E.2d 682 (1982), that held that the Commissioner of Corrections lacked authority to close the West Virginia State Prison for Women located at Pence Springs. That case pended on separation of powers. Because the women's prison had been created by a legislative act, W.Va.Code, 28–5C–1 (1947), *et seq.*, we concluded that a legislative act—not executive branch action—was required to close it.

However, Leckie (formerly called the West Virginia Forestry Camp for Boys at Leckie) was established in 1970 by the Commissioner of Public Institutions pursuant to generalized statutory authority, W.Va.Code, 25–1–1 (1957) and W.Va.Code, 25–4–2 and 25–4–3 (1955).* The legisla-

---

\* At the Regular Session of the legislature in 1955, Article 4 was added to chapter twenty-five of the West Virginia Code. The West Virginia Board of Control was thereby authorized to establish, operate and maintain forestry camps to be operated in connection with the state penal system.

ture's involvement has been annual appropriation bills. *DeVault* does not say that an institution created by executive action pursuant to generalized statutory authority, may not later be closed by the executive.

Wright asserts that Leckie Center was "reestablished" by amendments and reenactments of W.Va.Code, 25–1–3 and, therefore, only the Legislature can close it. W.Va.Code, 25–1–3, among other things, simply lists the penal and correctional institutions under the jurisdiction or control of the Commissioner of Corrections. Leckie Center is among those so named.

The commissioner has been delegated authority to "establish, operate, and maintain" centers for housing youthful male offenders, W.Va.Code, 25–4–2. Authority to close those centers is implicit in the authorization. No contrary legislative intent has been expressed. Consequently, we hold that when the legislature gives blanket permission to the executive to establish and operate institutions, the executive may close them.

The writ of mandamus prayed for is denied.

Justice McGRAW dissents. His opinion is that *DeVault* applies.

Writ denied.

One of the stated purposes of Article 4 was to provide appropriate facilities for housing youthful male offenders who were amenable to discipline other than in close confinement. 1955 W.Va.Acts, ch. 16.

At the 1957 Regular Session, the legislature abolished the West Virginia Board of Control and created the office of State Commissioner of Public Institutions. The Commissioner was vested with all powers and authority formerly possessed by the Board of Control. 1957 W.Va. Acts, ch. 14. The Department of and Commissioner of Corrections were created at the Regular Session of the legislature in 1977. 1977 W.Va.Acts, ch. 70.